UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLm P. COLEMAN,

        Petitioner,              Case Number: 07-CV-15172

v.                                 HONORABLE AVERN COHN

MARY K. BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER**

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Malcolm P. Coleman (Petitioner) is incarcerated pursuant to state court convictions for armed robbery and first-degree home invasion.  Petitioner has filed a petition for a writ of habeas corpus claiming that he was denied his right to a fair trial because the trial court gave an improper jury instruction, failed to give a specific intent instruction, and because trial counsel failed to object to the improper instructions.  Respondent, through the Attorney General's office, has filed a Motion to Dismiss on the ground that the petition contains unexhausted claims.  For the reasons which follow, the Motion will be denied.

II.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery and first-degree home invasion.  He was sentenced as a third habitual offender to 25 to 50 years' imprisonment for the armed-robbery conviction and 20 to 40 years' for the home-invasion conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. Does the trial court's improper instruction regarding the use of prior inconsistent statements constitute reversible error as it denied Appellant a fair trial?
>
> II. Does the failure to instruct Appellant's jury that aiders and abettors must have the necessary specific intent to be guilty of specific-intent crimes and that home invasion is a specific intent crime constitute reversible error as it denied him a fair trial?

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Coleman*, No. 261844 (Mich. Ct. App. Nov. 21, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v Coleman*, No. 132743 (Mich. Apr. 24, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. The trial court gave an improper instruction regarding the use of prior inconsistent statements.
>
> II. The trial court failed to instruct on specific intent where an instruction on aiding and abetting was given; and trial counsel was ineffective for not objecting.

Respondent has filed a motion to dismiss on the ground that a portion of Petitioner's second claim, that related to ineffective assistance of counsel, has not been exhausted in state court. Petitioner filed a reply to the Motion to Dismiss in which he argues that the ineffective assistance of counsel claim was raised on direct review in state court.

III.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Here, Petitioner presented all of the claims presented in his habeas petition on direct review before the Michigan Court of Appeals and Michigan Supreme Court. Although his ineffective assistance of counsel claim was not mentioned in either of his point headings in his appellate briefs filed in Michigan, the substance of the claim was clearly raised before both Michigan appellate courts. Therefore, Petitioner has properly exhausted his state court remedies. In addition, because Respondent has failed to address the merits of Petitioner's claim, Respondent shall file an answer addressing the merits of Petitioner's claims.

IV.

3

For the reasons stated above, Respondent's Motion to Dismiss is **DENIED**.

In addition, Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ of habeas corpus on or before **February 10, 2009.**

**SO ORDERED**.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  January 7, 2009

I hereby certify that a copy of the foregoing document was mailed to Malcolm Coleman, 234984, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444  and the attorneys of record on this date, January 7, 2009, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160