UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOM P. COLEMAN,

        Petitioner,                      Case Number: 07-15172

v.                                            HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Malcom P. Coleman (Petitioner), a state prisoner convicted by a jury of armed robbery and home invasion, claimed he is incarcerated in violation of his constitutional rights.  Petitioner specifically claimed that the jury instructions were improper and he received ineffective assistance of counsel for failing to object to the jury instructions.  The matter was referred to a magistrate judge for a report and recommendation (MJRR).  The magistrate judge recommended that the petition be denied for lack of merit.  The Court agreed and dismissed the case.  See Order Adopting Report and Recommendation and Denying Petition for Writ of Habeas Corpus and Dismissing Case, filed November 10, 2009.  Petitioner filed a notice of appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner raised a claim regarding jury instructions.  The magistrate judge fully explained why Petitioner failed to show that this claim entitled him to habeas relief.  The Court is satisfied that reasonable jurists would not debate this conclusion.  Accordingly, a COA is DENIED.

SO ORDERED.

        s/ Avern Cohn  
        AVERN COHN  
        UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2009

I hereby certify that a copy of the foregoing document was mailed to Malcolm Coleman, 234984 Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 and was mailed to the attorneys of record on this date, December 15, 2009, by electronic and/or ordinary mail.

        S/Julie Owens  
        Case Manager, (313) 234-5160